IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE WAGNER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1269-L |
| | § | |
| MAUREEN CRUZ, ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Theodore Wagner, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of jurisdiction.

I.

In 2002, petitioner was convicted in South Carolina federal court of various offenses involving the production and distribution of child pornography in violation of 18 U.S.C. §§ 2251(a) & 2252A(a)(5)(b). Punishment was assessed at a total of 151 months confinement followed by a three-year term of supervised release. *United States v. Wagner*, No. 3-02-CR-181-PMD (D.S.C. Apr. 30, 2003). His conviction and sentence were affirmed on direct appeal. *United States v. Wagner*, 88 Fed.Appx. 593, 2004 WL 324705 (4th Cir. Feb. 23, 2004), *cert. denied*, 125 S.Ct. 339 (2004). Petitioner also filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. The motion was denied. *Wagner v. United States*, 377 F. Supp.2d 505 (D. S.C. 2005), *COA denied*, 146 Fed.Appx. 701, 2005 WL 2847422 (4th Cir. Oct. 31, 2005). While incarcerated, petitioner has filed multiple civil actions, motions, and appeals in this district and in South Carolina,

as well as original proceedings in the United States Supreme Court.[1] In the instant case, petitioner generally alleges that his imprisonment violates the Due Process clause and other rights protected by the United States Constitution.

II.

As a threshold matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. While an application for writ of habeas corpus under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *see United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a collateral attack on a federal criminal conviction or sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Thus, a section 2241 habeas petition is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *See id.* at 877-78. The only exception to this rule is when the remedy provided under section 2255 is inadequate or ineffective. *See Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

In a supplemental pleading filed on June 29, 2011, petitioner expressly states that "this is a habeas corpus petition challenging the fact I am in custody for acts done or omitted as part of a

---

[1] As a result of his abuse of the judicial process, petitioner has been barred by the United States Supreme Court from filing any petitions in non-criminal matters without paying the docketing fee. *In re Wagner*, 130 S.Ct. 1114, 175 L.Ed.2d 930, 78 USLW 3395 (Jan. 11, 2010).

conspiracy that started before my arrest[.]" (*See* Supp. Pet. at 1). Because petitioner is challenging the fact and duration of his present confinement, he must bring his claims in a section 2255 motion unless that remedy is inadequate or ineffective. No such showing has been made here. Petitioner does not claim that he was convicted of a non-existent offense. Nor are his claims based on a new law made retroactive by Supreme Court precedent. Instead, petitioner appears to argue that he was the victim of a "malicious prosecution" by federal authorities and that his resulting conviction is unconstitutional. The court therefore treats petitioner's application for writ of habeas corpus as a section 2255 motion.

III.

Having determined that this action must be brought under section 2255, the court now turns to the issue of jurisdiction. A federal prisoner must seek section 2255 relief from the court which sentenced him. 28 U.S.C. § 2255(a); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). This filing requirement is jurisdictional. *See Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997). Because petitioner was convicted and sentenced in the District of South Carolina, jurisdiction is proper only in that district.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 1, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE