IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THEODORE WAGNER,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-1269-L** |
| | § | |
| **MAUREEN CRUZ, et al.**, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Before the court is Petitioner Theodore Wagner's Petition for Writ of Habeas Corpus, filed June 13, 2011. The petition was referred to United States Magistrate Judge Jeff Kaplan, who entered Findings and Recommendation of the United States Magistrate Judge ("Report") on July 1, 2011. Petitioner filed objections to the Report on July 14, 2011.

This is a habeas petition filed pursuant to 28 U.S.C. § 2241. The magistrate judge found that the petition should be construed as a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255 and dismissed for lack of jurisdiction. The record reflects that Petitioner, proceeding *pro se*, was convicted in South Carolina federal court of various offenses involving the production and distribution of child pornography. He received a sentence of 151 months of confinement, followed by a three-year term of supervised release. His conviction and sentence were affirmed on direct appeal, and the Supreme Court denied *certiorari*.

The magistrate judge ultimately determined that Petitioner's habeas application in this case should be construed as a section 2255 motion because Petitioner challenges that fact and duration of his present confinement. Specifically, Petitioner states that this action "is a habeas corpus petition

challenging the fact [Petitioner is] in custody for acts done or omitted as part of a conspiracy that started before [Petitioner's] arrest[.]" Supp. Pet. 1. A collateral attack on a federal criminal conviction or sentence is generally limited to a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3 876, 877 (5th Cir. 2000). A section 2241 habeas petition is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *See id.* at 877. Further, a federal prisoner must seek section 2255 relief from the court which sentenced him. 28 U.S.C. § 2255(a); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because Petitioner was sentenced in the District of South Carolina, the jurisdiction is improper in the Northern District of Texas. The magistrate judge accordingly recommends dismissal of this action without prejudice for lack of jurisdiction.

Petitioner objects generally to the magistrate judge's determination that the court lacks jurisdiction over this action. Specifically, Petitioner characterizes the magistrate judge's determination as a "sophism," and he urges that this case is one of "first impression" because he is challenging the constitutional validity of the Habeas Corpus Act of 1948. Further, he asserts without any legal or factual basis that the First Amendment and Bill of Rights have voided the Necessary and Proper clause of the United States Constitution, purportedly resulting in any limitation on his right to seek a redress being unconstitutional. Finally, Petitioner criticizes government officials and the magistrate judge for failing to honor their legal duty and oppressing the rights of the people.

Although Petitioner clearly has passionate opinions regarding the magistrate judge's determination and the United States Constitution, the court is unable to glean any legal authority from Petitioner's objections that mandate a result different than the one reached and recommended by the magistrate judge. Petitioner appears to argue that all of the laws and legal precedent that

support the magistrate judge's determination are erroneous and violate the Constitution. The court does not agree. Petitioner's objections constitute little more than a ten-page diatribe, filled with his unyielding opinions and devoid of any legal merit.

After having reviewed the petition, filings, record, and Report, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court construes Petitioner's habeas petition as a section 2255 motion and determines that it lacks jurisdiction over this action. Rather than dismiss this action without prejudice, however, the court determines that, in the interest of justice, this action should be transferred to the district in which it should have originally been brought pursuant to 28 U.S.C. § 1631. Accordingly, the court **transfers** this action to the United States District Court for the District of South Carolina, Charleston Division. The clerk of the court shall effect the transfer in accordance with the usual procedure.

**It is so ordered** this 21st day of July, 2011.

Sam A. Lindsay
United States District Judge